IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOY D. ABEL                               ) | |
|               Plaintiffs,          ) | |
| v.                                                   ) | Civil Action No: 3:21-cv-803 |
| VIRGINIA DEPARTMENT         ) OF ENVIRONMENTAL QUALITY ) | |
|               Defendant.          ) | |

**PLAINTIFF'S MOTION FOR ADMISSION OF THE EXPERT REPORT AND CONSIDERATION BY THE COURT, NOT THE JURY OR, IN THE ALTERNATIVE, MOTION FOR BRIEF CONTINUANCE**

COMES NOW, Plaintiff Joy D. Abel, by counsel, and submits the following:

1. This morning, April 5, 2023, counsel for Plaintiff Abel received an emergency telephone call from Dr. Nicolaus Tideman, Plaintiff's expert witness. Dr. Tideman reported that he was hospitalized with heart and kidney complications. Dr. Tideman is over 70 years old; his wife noted that he would surely be unable to travel to Richmond next week for the Trial.

2. The Second Initial Pretrial Order requires Objections to Exhibits be lodged by March 21, 2023, which date has passed.

3. DEQ has not presented an expert witness on the subject, Joy Abel's damages, to counter Dr. Tideman's testimony.

4. Dr. Tideman's expert report is Exhibit 52, and Defendant has indicated no objection to the admission of Dr. Tideman's report. ECF 48, page 13. (Attached as Ex. 1)

1

5. The expert report concludes with a calculation of losses, including Table 2 which reports salary, liquidated damages, social security losses, less social security taxes, and a total.

6. Losses are comparison paycheck by paycheck, of Abel's pay with comparator Brian Wrenn's pay.

7. Dr. Tideman's report actually provides two alternate totals: the first taken with comparator Wrenn's salary "frozen" at his last salary; the second, adding the Virginia state cost-of-living raises to his salary. The result is a higher calculation of loss ($80,312) if Wrenn is imputed the state raises, than if his salary were "frozen" ($58,465).

8. Under the Equal Pay Act, the recovery of a plaintiff is limited to 1) back pay; 2) such pay for a period of either two or three years, depending upon determination of "willfulness" by the jury; and 3) an equal amount as liquidated damages, determined by the Trial Court.

9. In the absence of Dr. Tideman as a witness, because of his illness, the amount of the salaries of Plaintiff Abel and her comparator, Wrenn, are found in the Joint Stipulation of Facts, ECF 46, pages 3 and 4, as well as found in Dr. Tideman's report. They also appear in Exhibits 28 and 36, to which no objection has been filed. (Attached, Exhibit 2).

10. The regulations promulgated pursuant to the EPA state that, for purposes of this statute, wages "include[] all payments made to [or on behalf of] an employee as remuneration for employment. The term includes all forms of

compensation irrespective of the time of payment . . . whether called wages, salary, profit sharing . . . or some other name. Fringe benefits are deemed to be remuneration for employment." 29 C.F.R. § 1620.10. They include "retirement benefits; ... leave; and other such concepts." 29 C.F.R. § 1620.11.

11. Therefore, after the jury makes a verdict of liability and willfulness, the Court may, without the testimony of Dr. Tideman simply apply the losses uncontested in his report and make the determination whether liquidated damages are to be awarded. Whether wages include the loss in Social Security income and the handling of Wrenn's alternate calculations of salary are legal issues for the Court.

12. In the alternative, Plaintiff moves for a very short continuance, so she may obtain her expert's testimony by video and have her expert testify *de bene esse*.

13. Plaintiff Abel, under these unanticipated circumstances, asks for the admission of Dr. Tideman's report, and the Court's consideration upon a jury verdict for the Plaintiff, of the proper calculation of her losses. In the alternative, Plaintiff respectfully asks for a very short continuance of the trial, so she may obtain her expert's testimony by video and have her expert testify *de bene esse*.

Respectfully submitted,

**JOY D. ABEL**

_____*/s/ Tim Schulte*_____
Tim Schulte (VSB #41881)
Blackwell N. Shelley, Jr. (VSB #28142)

3

Shelley Cupp Schulte, P.C.
3 W. Cary Street
Richmond, VA 23220
(804) 644-9700
(804) 278-9634 [fax]
schulte@scs-work.com
shelley@scs-work.com

Sydney E. Rab, VSB # 15105
5407 Langdon Drive
Richmond, Virginia 23225
(804) 822-8981
msydrab@comcast.net

Timothy E. Cupp (VSB #23017)
Shelley Cupp Schulte, P.C.
1951 Evelyn Byrd Avenue, Suite D
Harrisonburg, VA  22803
(540) 432-9988
(804) 278-9634 [fax]
cupp@scs-work.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April 2023, I delivered the foregoing by filing with the Court's ECF/CM system which shall provide electronic transmission to all counsel of record.

Brian G. Muse, Esquire
Robyn H. Hansen, Esquire
Katharine W. Durante, Esquire
SANDS ANDERSON PC
4801 Courthouse Street, Suite 203
Williamsburg, VA  23185
bmuse@sandsanderson.com
rhansen@sandsanderson.com
kdurante@sandsanderson.com

4

Cullen D. Seltzer, Esquire
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street
P.O. Box 1998
Richmond, Virginia 23218-1998
cseltzer@sandsanderson.com
*Counsel for Defendant*

                                                */s/ Tim Schulte*
Tim Schulte (VSB #41881)
Shelley Cupp Schulte, P.C.
3 W. Cary Street
Richmond VA 23220
(804) 644-9700
(804) 278-9634 [fax]
schulte@scs-work.com