IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOY D. ABEL ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No: 3:21-cv-803 |
| ) | |
| VIRGINIA DEPARTMENT ) | |
| OF ENVIRONMENTAL QUALITY ) | |
| ) | |
| Defendant. ) | |

**JOINT STIPULATION OF FLSA SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Plaintiff Joy D. Abel, ("Plaintiff"), and Defendant Virginia Department of Environmental Quality ("DEQ"), (collectively the "Parties"), by respective counsel, hereby stipulate that the EPA claims asserted by Plaintiff have been settled and hereby request this Court approve the settlement and dismiss the EPA claims with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Because the action was brought under the Equal Pay Act Amendments ("EPA"), 29 U.S.C. §§ 206(d)(1) and 215(a)(2) to the Fair Labor Standards Act ("FLSA"), *see Corning Glass Works v. Brennan*, 417 U.S. 188, 190 (1974), the Parties must seek this Court's approval of their settlement as fair, just, and adequate under the FLSA pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350 (11th Cir. 1982). Therefore, the Parties request the Court approve as reasonable the settlement terms herein and the Settlement Agreement between the parties attached hereto as **Exhibit 1** and to dismiss this matter with prejudice.

1

## **THE LEGAL STANDARD FOR REASONABLENESS OF FLSA SETTLEMENT**

Either the Department of Labor or a federal district court must approve a settlement under the FLSA. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005). Pursuant to 29 U.S.C. § 216(b), when an employee brings a private action under the FLSA, and presents to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999). In determining whether a settlement is "fair, adequate, and reasonable" a strong presumption exists in favor of finding a settlement fair. *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009). Courts consider a number of factors in evaluating a FLSA settlement agreement, including:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the plaintiffs;

(5) the probability of plaintiffs' success on the merits; and,

(6) the amount of the settlement in relation to the potential recovery.

*Id*. at* 10 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Patel v. Barot*, 15 F. Supp. 3d 648,656 (E.D. Va. 2014) (citing *In re Dollar Gen. Stores FLSA Litig.* No. 5:09- MD-1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011)).

## **STIPULATED FACTUAL SUMMARY**

On April 14, 2020, Elizabeth Abe and three other plaintiffs filed the initial Complaint as a collective action. Case No. 3:20-cv-270 (ECF No. 1). Joy Abel, Plaintiff in the case at bar, filed her consent to opt-in on July 27, 2020. *Id*. ( ECF No. 24-1).

On June 29, 2020, the case was conditionally certified as a collective action and the Equal Pay Act's period of limitations tolled as to all putative opt-in Plaintiffs. *Id*. at ¶ 4. The Court decertified the case on April 6, 2021, and dismissed Abel's claim without prejudice. (*Abe*, ECF No. 95 at 9). Abel, with other women, filed a new Complaint in the Norfolk Division on May 18, 2021. (Case No. 2:21-cv-279). The case was transferred to the Richmond Division on December 22, 2021. (2:21-cv-279, ECF No. 12), and received a its current case number on January 7, 2022. (ECF No. 13). The Court denied DEQ's Motion for Summary Judgment against Abel on November 15, 2022. (ECF No. 35).

The Parties jointly stipulated that Plaintiff Abel's claims were tolled on June 15, 2020. (ECF No. 47 at ¶ 9.

Prior to filing the *Abe* suit, Plaintiffs' counsel prepared the case to proceed as a putative collective action. Before Plaintiffs filed suit, they attempted to engage DEQ in settlement discussions, to no avail. On December 9, 2020, The Parties participated in a settlement conference before Judge Hanes. The case did not settle.

3

On November 15, 2022, the Court held, "Based on the undisputed facts before the Court, it finds that a reasonable jury could reject DEQ's defense as to [male comparator Brian] Wrenn and find that DEQ's proffered justifications for the differential are merely pretexts for sex discrimination." (ECF 34 at p. 13).

Abel's economic expert Dr. Nicolas Tideman opined that her economic loss for a three-year period was $45,929. The amount of the cash settlement for Abel is $42,000 or 91.446% of her total damages.[1]

Pursuant to the Settlement Agreement, after the entry by the Court of an Order Approving the Settlement, within the 14 days allowed by Fed. Rules of Civ. Procedure 54 unless otherwise ordered, the Parties have agreed that Plaintiffs will petition for the payment of reasonable attorneys' fees and costs pursuant 29 U.S.C. 216(b).

Joy Abel was represented by undersigned counsel, was regularly involved in, and updated during, the settlement negotiations, and she has agreed to and is very pleased with the settlement amount that she will receive. Evidence that the Plaintiff individually participated in the process and that she accepts and agrees to her settlement amount, is shown by the settlement agreement signed by Joy Abel attached hereto as Exhibit 1.

---

[1] Abel's best possible outcome in trial, of course, would have been if the Court awarded liquidated damages, adding $45,929 to the jury's verdict. The settlement then would be 45.723% of $91,858.

Defendant does not admit liability or any wrongdoing and enters into this Joint Stipulation of EPA Settlement solely to avoid the costs and uncertainty of further litigation.

The Parties, by counsel, jointly represent to the Court that this settlement and the Settlement Agreements are fair and reasonable in light of the allegations and the respective risks and costs of going forward with litigation. Counsel for the Parties further represent that the settlement and the Settlement Agreements are the result of arm's length negotiations over a *bona fide* dispute.

## **TERMS OF EPA SETTLEMENT**

1. Subject to Court approval, Defendant agrees to pay the total sum of Forty Two Thousand Dollars ($42,000.00), in full satisfaction of Plaintiff's wage claims asserted, or that could have been asserted, in the Complaint. The parties have agreed that Plaintiff's attorneys' fees and costs will be submitted for decision by the Court once the Court has approved the Settlement Agreement.

2. Defendant shall issue a payroll check to Plaintiff in satisfaction of lost wages, less all appropriate withholdings, and for which Defendant will issue a W-2 to Plaintiff for the listed amount. Defendant will use the W-4 documents it has on file for Plaintiff providing instruction for such withholdings.

5. Defendant has agreed to pay reasonable attorney's fees and costs to Plaintiffs' counsel, either in a separate settlement or as ordered by the Court upon filing of a Petition for Fees by Plaintiff's counsel. Plaintiff's counsel will provide Defendant with an IRS Form W-9.

6. Upon the approval of this Joint Stipulation of EPA Settlement and the Settlement Agreement by this Court, the Plaintiff's EPA claims will be dismissed, *with prejudice*, and her rights to pursue any such claims which may have accrued prior to the last workday Abel served DEQ as a Permit Writer-Water shall be extinguished. Abel is now employed by DEQ as a Technical Reviewer, a different job. A Proposed Order to this effect is attached.

7. The Parties request, pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), that this Court retain exclusive jurisdiction to enforce the terms of the Parties' settlement.

8. All checks comprising the Settlement Amount shall be delivered to Plaintiff's counsel for the benefit of Abel within forty five (45) days following the Court's approval of the Settlement.

## APPLICATION OF FACTORS BEARING ON FAIRNESS AND REASONABLENESS

As noted above, in determining whether a settlement is "fair, adequate, and reasonable" a strong presumption exists in favor of finding a settlement fair. *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009). Courts consider a number of factors in evaluating a FLSA settlement agreement, including:

  (1) the extent of discovery that has taken place;

  (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

  (3) the absence of fraud or collusion in the settlement;

>      (4)   the experience of counsel who have represented the plaintiffs;
>
>      (5)   the probability of plaintiffs' success on the merits; and,
>
>      (6)   the amount of the settlement in relation to the potential recovery.

*Id.* at* 10 (citations omitted).

Here, all factors weigh in favor of approving the Settlement Agreements as fair, adequate and reasonable.

**1.   Extent of Discovery**

The parties obtained all discovery necessary to computing Plaintiff's damages. In this case, it involved Plaintiff's counsel obtaining pay records and detailed job descriptions directly from the client, reviewing the records, and calculating with an economist her loss or disparity in pay when compared to Mr. Wrenn. Plaintiff's counsel hired an economic expert to make these calculations and made settlement proposals based on those amounts. Counsel examined thousands of DEQ documents seeking evidence with respect to the nature of the job and the reasons for the pay disparity.

By settling the case now, the parties engaged in the critical discovery, including depositions as well as written exhibits, while avoiding the time, expense and risk of trial and possible subsequent appeals. The settlement amount for Plaintiff compromised alleged unpaid wages and liquidated damages, making the settlement fair and reasonable.

**2. Stage of the proceedings, including the complexity, expense and likely duration of the litigation.**

The remaining litigation would have focused on disputed issues regarding Defendant's liability, including asserted affirmative defenses, willfulness, and good faith. The matter had approached the trial date, the parties had decided on witnesses, exhibits, and discovery designations, and determined objections to the adversary's submissions. On June 1, 2023, after oral argument, the Court entered an Order regarding evidence (ECF 82). As noted above, by settling this case before trial, avoiding the risk, expense, risk and delay of a possible appeal, all parties got the certainty of a compromise, without any admission of liability. Settling at this stage also saved both parties considerable attorney fees that would have been incurred through continued litigation. Thus, this factor weighs in favor of approving the settlement.

**3. The absence of fraud or collusion in the settlement**

There was no fraud or collusion. The settlement was negotiated at arm's length among experienced employment attorneys advocating for their clients.

**4. Experience of counsel who have represented the plaintiff**

Both Plaintiff's counsel are experienced and well-versed in employment litigation and, in fact, devote most of the respective practices to representing employees. Therefore, this factor weighs in favor of approving the settlement.

**5. Probability of plaintiff's success on the merits**

Plaintiff believes she had a significant probability of success on the question of whether Defendant failed to pay her equal wages for substantially equal work; noting

8

however that Mr. Wrenn's prior employment and salary history might create a jury issue on whether it was a factor other than sex which justified Wrenn receiving higher pay than Abel. The remaining issues of Defendant's willfulness in violation of the EPA, and Defendant's good faith were expected to be disputed in the case. While Plaintiff believed she had a reasonable probability of success on the merits of these issues, based on her evidence and anticipated testimony, Defendant believed it had a reasonable probability of success on the merits of these issues, based on its evidence and defenses. Therefore, this factor weighs in favor of approving the settlement that provides Plaintiff with substantial sums.

### 6.  Amount of the settlement in relation to the potential recovery.

The settlement payment to Plaintiff represents a reasonable compromise that pleases Plaintiff. The amount of the cash settlement for Abel is $42,000 or 91.446% of her total damages. If the Court after the jury's verdict were to award liquidated damages, adding $45,929 to the jury's verdict, the settlement then would be 45.723% of $91,858. Weighing the risks of trial, this is a very good result for Plaintiff. Thus, this factor weighs in favor of approving the settlement.

In sum, a thorough review of the Settlement Agreement will reveal that the settlement is fair, adequate, and reasonable. Plaintiff has been represented by counsel experienced in EPA litigation who protected the rights of their client during the negotiations. The settlement reflects a reasonable compromise of bona fide disputes between the parties regarding the questions of liability, willfulness (affecting a two- versus three-year damages period), and good faith (affecting the

availability of liquidated damages) under the EPA.

Further, the Parties agree that the settlement is fair, just, and adequate to settle Plaintiff's claims. The endorsement of the Settlement Agreement by counsel for both Parties is a "factor that weighs in favor of approval" of an FLSA/EPA settlement agreement because "counsel for each side possess the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at * 14 (S.D. Tex. May 7, 2008). Here, Plaintiff's counsel is fully aware of the factual contentions of the Parties and is in the best position to opine as to whether this settlement produces fair results for Plaintiff after consideration of risks.

Plaintiff made an educated decision to agree to the terms of this settlement after a conference with Magistrate Judge Colombell, October 2, 2023. Plaintiff and Plaintiff's counsel have concluded that a settlement with Defendant on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff.

## **CONCLUSION**

Based on the foregoing, the Parties respectfully submit that the Joint Stipulation of EPA Settlement filed in this case is a reasonable, fair, and adequate result under *Lynn's Food* and the six factors set forth in *Lomascolo* and request the settlement and the Settlement Agreement be approved and the Complaint be dismissed *with prejudice* in the form of the attached Proposed Order.

Respectfully submitted,

| **PLAINTIFF**, | **DEFENDANT**, |
|---|---|
| ___/s/ Tim Schulte_____ | _/s/ Brian G. Muse_____ |
| Tim Schulte (VSB #41881) | Brian G. Muse (VSB # 47218) |
| Blackwell N. Shelley, Jr. (VSB #28142) | Robyn H. Hansen (VSB # 23134) |
| Shelley Cupp Schulte, P.C. | SANDS ANDERSON PC |
| 3 W Cary Street | 4801 Courthouse Street, Suite 203 |
| Richmond VA 23220 | Williamsburg, VA  23185 |
| (804) 644-9700 | Telephone: (757) 208-0301 |
| (804) 278-9634 [fax] | Facsimile: (757) 378-5409 |
| schulte@scs-work.com | bmuse@sandsanderson.com |
| shelley@scs-work.com | rhansen@sandsanderson.com |

Sydney E. Rab (VSB # 15105)   Cullen D. Seltzer (VSB# 35923)
5407 Langdon Drive   SANDS ANDERSON PC
Richmond, Virginia 23225   2400 Bank of America Center
(804) 822-8981   1111 East Main Street
msydrab@comcast.net   Richmond, Virginia23218-1998
   cseltzer@sandsanderson.com

Timothy E. Cupp (VSB #23017)
Shelley Cupp Schulte, P.C.
1951 Evelyn Byrd Avenue, Suite D
Harrisonburg, VA  22803
(540) 432-9988
(804) 278-9634 [fax]
Cupp@scs-work.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October 2023, the foregoing was delivered through the CM/ECF system to be forwarded electronically to all counsel of record:

Brian G. Muse
Robyn H. Hansen
SANDS ANDERSON PC
4801 Courthouse Street, Suite 203
Williamsburg, VA  23185
bmuse@sandsanderson.com
rhansen@sandsanderson.com

Cullen D. Seltzer
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street
Richmond, Virginia 23218-1998
cseltzer@sandsanderson.com
*Counsel for Defendant*

                                          */s/ Tim Schulte*
                                       Tim Schulte (VSB #41881)
                                       Shelley Cupp Schulte, P.C.
                                       3 W. Cary Street
                                       Richmond VA 23220
                                       (804) 644-9700
                                       (804) 278-9634 [fax]
                                       schulte@scs-work.com